**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| CONSUELO PAZ MORA AND<br>LINO ANTONIO MORA | CIVIL ACTION |
| VERSUS | NO. 08-1577 |
| THE CITY OF KENNER, LOUISIANA,<br>THE CITY OF KENNER POLICE DEPARTMENT,<br>STEVE CARAWAY, RONALD BERTUCCI, AND<br>XYZ INSURANCE COMPANY | SECTION "F" |


ORDER AND REASONS

Defendants, Steve Caraway, Chief of Police for the City of

Kenner, and Kenner Police Officer Ronald Bertucci ask the Court to

order the plaintiffs to file a Rule 7(a) Reply to the defendants'

Answer, in which they invoke the defense of qualified immunity. For

the reasons that follow, the defendants' motion is GRANTED.

Background

On April 9, 2008 the plaintiffs, Lino and Consuelo Mora, sued

the City of Kenner, the Kenner Police Department, Chief Caraway,

and Officer Bertucci for relief under 42 U.S.C. §§ 1983, 1985 and

1986 and Louisiana tort law for damages resulting from Officer

Bertucci's arrest of Consuelo Mora on March 15, 2008.[1] Mrs. Mora

---

[1] In their complaint, the plaintiffs also claim relief
under Title VII of the Civil Rights Act. However, plaintiffs have
agreed to dismiss this claim.

1

was arrested during a traffic stop and claims she suffered a fractured wrist when Officer Bertucci allegedly restrained her with excessive force, shoved her into the police cruiser, and allowed her to lay in pain for a considerable time. The plaintiffs also allege that Officer Bertucci made racially insulting comments during the arrest. According to the complaint, Bertucci "used excessive force in a situation and under circumstances not requiring the use of such force." The plaintiffs further claim that Police Chief Steve Caraway "is responsible for coordinating and supervising the activities of all Kenner police officers, including the activities of Officer Robert [sic] Bertucci."

In their Answer to the plaintiffs' complaint, the defendants raise the defense of qualified immunity and now ask the Court to require the plaintiffs to file a Rule 7(a) Reply tailored to the qualified immunity defense under <u>Shultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995) (en banc).

I.

The doctrine of qualified immunity shields government officials from civil liability for damages based on their performance of discretionary functions. <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 284 (5th Cir. 2001) <u>citing</u> <u>Thompson v. Upshur County</u>, 245 F.3d 447, 456 (5th Cir. 2001). Defendants are entitled to qualified immunity if their "conduct was objectively reasonable in light of clearly established

2

law at the time the challenged conduct occurred." <u>Id</u>. In <u>Shultea v. Wood</u>, the Fifth Circuit discussed the level of particularity with which a plaintiff must plead a § 1983 claim to overcome a defense of qualified immunity. Relying upon Federal Rule 7(a), the Fifth Circuit held:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

47 F.3d at 1433. The <u>Shultea</u> court established a two-step procedure to apply in a § 1983 suit against a public official: First, plaintiff must file a short and plain statement of his complaint, but the statement cannot rest on conclusions alone; second, the Court may require the plaintiff to file a reply tailored to responding to the defense of qualified immunity. <u>Id</u>. Indeed, the Fifth Circuit instructs that "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." <u>Id</u>.; <u>see</u> <u>also</u> <u>Reyes v. Sazan</u>, 168 F.3d 158 (5th Cir. 1999) ("[f]aced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses.").

## II.

To trump the qualified immunity defense, a plaintiff must

assert specific facts that, if proven, would (1) demonstrate the police violated clearly established statutory or constitutional rights, and (2) show that an objectively reasonable officer would have known his alleged conduct violated the law. Batiste v. City of Beaumont, 421 F.Supp 2d 969 (E.D. Tex. 2005), citing Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 995 (5th Cir. 1995). If the plaintiffs' complaint does not do so, ordering a Rule 7(a) Reply is appropriate.

When apprehending or seizing an individual for law enforcement purposes, police officers must be permitted to use objectively reasonable force in light of the facts and circumstances confronting them. Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989) (en banc). Whether force is objectively reasonable is assessed without regard to the officers' underlying intent or motivation. Id. at 479. When detaining an individual, the Fourteenth Amendment permits good-faith use of force to maintain or restore discipline, while denouncing malicious use of force for the very purpose of causing pain. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

The plaintiffs' complaint alleges that Officer Bertucci refused to loosen the handcuffs on Mrs. Mora, shoved her in the police car, causing her to fracture her arm, and allowed her to wait for a "considerable time" in pain before transferring her to the jail. Additionally, the plaintiffs assert that, during the

4

arrest, Mrs. Mora cooperated with police and gave no indication she was carrying a weapon. These allegations show that some physical force was applied, but they do not, without more, show that Officer Bertucci's conduct was objectively unreasonable during the seizure, malicious or sadistic during Mrs. Mora's alleged detention, or that, if so, a reasonable police officer would have known such conduct violated the law. See Batiste v. City of Beaumont, 421 F.Supp 2d 969 (E.D. Tex. 2005) (allegations that police struck, kicked, dragged and tasered the plaintiff purposely and repeatedly, sat on her, placed a finger in her throat do not, without more, suffice to show that police violated clearly established federal rights). Without additional factual information about the specific circumstances of the arrest, the Court cannot determine whether the qualified immunity doctrine shields Officer Bertucci from this lawsuit. Greater detail will assist in making this determination, and, accordingly, a Rule 7(a) reply is clearly necessary.

III.

Because personal involvement is essential to an individual's liability under § 1983, see Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), supervisors are not automatically and vicariously liable for their subordinates' bad acts. Thompkins v. Belt, 828 F.2d 298, 303-304 (5th Cir. 1987). In cases where plaintiffs make a claim of excessive force, however, supervisors can be secondarily liable if there is a causal connection between supervisory acts or

5

omissions and the acts which caused injury. <u>See</u> <u>Cousin v. Small</u>, 325 F.3d 627, 637-38 (5th Cir. 2003). For example, under some circumstances, failure to adequately supervise subordinates satisfies the personal involvement prerequisite. <u>Hinshaw v. Doffer</u>, 785 F.2d 1260, 1263 (5th Cir. 1986) <u>rev'd</u> on other grounds, <u>Martin v. Thomas</u>, 973 F.2d 449 (5th Cir. 1992); <u>Bowen v. Watkins</u>, 669 F.2d 979, 988 (5th Cir. 1982). Without direct personal involvement in an incident, however, a supervisor cannot be held liable under § 1983 unless the plaintiff alleges and shows that the supervisor's failure to train or supervise his officers caused the harm. <u>Hinshaw</u>, 785 F.2d at 1263. Moreover, when liability is premised on failure to supervise, such a failure usually gives rise to § 1983 liability only in situations involving a history of widespread abuse. <u>Bowen v. Watkins</u>, 669 F.2d 979, 988 (5th Cir. 1982).

The plaintiffs' complaint alleges that Chief Caraway, "as head of the Kenner Police Department for this City of Kenner, Louisiana, is responsible for coordinating and supervising the activities of all Kenner police officers, including the activities of Officer [Ronald] Bertucci." The plaintiffs also claim that "[e]ach defendant had an affirmative duty to prevent each other from violating Plaintiffs' constitutional and statutory rights. In failing to do so, they violated the Plaintiffs' rights." These mere conclusory allegations are wholly inadequate to meet the qualified immunity defense. The plaintiffs point to no facts that focus on

Chief Caraway's personal involvement in the misconduct, failure to train his subordinates, or that there was a widespread pattern of abuse. A Rule 7(a) Reply is, therefore, appropriate. Accordingly,

IT IS ORDERED: The defendants' motion for a Rule 7(a) Reply is GRANTED. (The defendants' views regarding other alleged deficiencies in the plaintiffs' complaint are not before the Court on this motion.) Such Reply must be filed not later than 10 days from this date.

IT IS FURTHER ORDERED: The plaintiffs have indicated no objection to the defendants' motion to dismiss the plaintiffs' Title VII claims, and, accordingly, the defendants' motion to dismiss these claims is GRANTED.

New Orleans, Louisiana, July 30, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE